# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

COREY LAMONT JACKSON,

Plaintiff,

v.

WENDY MONFILS, SARAH
COOPER, and WARDEN BRIAN
CAHAK,

Defendants.

Case No. 25-CV-1524-JPS

**ORDER**

Plaintiff Corey Lamont Jackson ("Plaintiff"), an inmate confined at Oshkosh Correctional Institution ("OCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. This Order screens Plaintiff's complaint as well as resolves his motion for leave to proceed without prepaying the filing fee and motions to use release account funds.

## 1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On October 14, 2025, the Court ordered Plaintiff to pay an initial partial filing fee of $26.93. ECF No. 6. Plaintiff paid that fee on November

12, 2025.[1] The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

---

[1]Because Plaintiff has paid his initial partial filing fee, his motions to use funds from release account, ECF Nos. 7, 8, will be denied as moot.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff brings this case against Defendants Wendy Monfils ("Monfils"), Sarah Cooper ("Cooper"), and Warden Brian Cahak ("Cahak"). ECF No. 1 at 1. Plaintiff alleges that Defendants allowed him to enter into a contract under the pretense that the songs and games purchased for use with AGT Tablets were his property. *Id.* at 2. Defendants interfered with those contracts in May 2024 for their own financial gain. *Id.* at 2–3. Defendants cancelled their contract with AGT and prevented inmates from using their purchased property. *Id.* AGT's services were significantly less expensive than the new services Defendants provided. *Id.* Canceling the contract rendered the tablets useless in and out of prison. *Id.* Plaintiff seeks monetary damages for the loss of his property. *Id.* at 4.

### 2.3 Analysis

The Court finds that Plaintiff may not proceed on a Fifth Amendment takings claim. The Takings Clause of the Fifth Amendment prohibits the government from taking a person's private property for public use without just compensation. *Barbian v. Panagis*, 694 F.2d 476, 482 & n.4 (7th Cir. 1982). "The Takings Clause has been held to apply to two types of

governmental action: first, the taking of physical possession or control of an interest in property for some public purpose; and second, regulations prohibiting private uses." *Lee v. City of Chicago*, 330 F.3d 456, 474 (7th Cir. 2003) (Wood, J., concurring). The first is a "categorical taking" that would not apply in this case because Plaintiff does not allege that his property was taken for public use. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 535 U.S. 302, 321–23 (2002) (describing differences between categorical and regulatory takings); *Paalan v. United States*, 51 Fed. Cl. 738, 751 (Fed. Cl. 2002) ("The fact that the Government legally may have taken plaintiff's property as evidence, but then lost it, does not state a claim for a taking, because the Government thereby does not take property for public use."). Plaintiff's claim that Defendants enforced a policy restricting the use of his previously-purchased tablet could, however, at this early stage constitute instead a regulatory takings claim. *See Tahoe-Sierra*, 535 U.S. at 317 n.17 and 323 (regulatory taking "is not self-evident" and "necessarily entails complex factual assessments of the purposes and economic effects of government actions").

However, the Eleventh Amendment generally prohibits individuals from suing a state, state agency, or state official in federal court. *Vargo v. Casey*, No. 20-cv-1109, 2024 WL 4794692, at *7 (W.D. Wis. Nov. 14, 2024) (citing *Indiana Prot. & Advoc. Servs. v. Indiana Fam. & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010)). However, the United States Supreme Court recognized an exception to sovereign immunity in *Ex parte Young*, 209 U.S. 123 (1908), for suits against a state official seeking "prospective relief against an ongoing violation of federal law." *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 520–21 (7th Cir. 2021). Here, Plaintiff seeks only monetary damages and does not seek any prospective relief. As such,

Plaintiff's regulatory takings claim as currently pled is barred by sovereign immunity.

Second, Plaintiff may not proceed on a due process claim for the deprivation of his property. The Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. However Plaintiff cannot proceed because he had remedies under state law to address his concerns. *See West v. Berge*, No. 05-C-37-C, 2005 WL 503819, at *4 (W.D. Wis. Feb. 28, 2005) (dismissing claim for unauthorized deduction from prisoner's account because prisoner had adequate remedies under Wisconsin statutes). By statute, Wisconsin affords procedures that can address random, unauthorized deprivations of property by government officers and officials. *See* Wis. Stat. § 893.35 (action to recover personal property after wrongful taking, conversion, or wrongful detention); § 893.51 (action for damages resulting from wrongful taking, conversion, or wrongful detention of personal property); § 893.52 (action for damages from injury to property); *see also Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996) (inmate-complaint review system, certiorari review under Wisconsin law, and Wisconsin tort remedies are adequate remedies for deprivation of good-time credits by prison officials); *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 871 (7th Cir. 1983) (Wisconsin tort remedies are adequate for deprivation of property resulting from sheriff's execution of outdated writ of restitution). Plaintiff has not suggested that Wisconsin's post-deprivation, statutory remedies are inadequate to redress his loss. As such, he has failed to state a viable due process claim.

The Court will provide Plaintiff the opportunity to amend his complaint. Plaintiff must amend his complaint on or before **June 2, 2026**.

When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

Finally, the Court notes that there may be a proposed class action related to Plaintiff's claim currently pending in the Western District of

Wisconsin. *See Huber v. Hoy*, No. 24-CV-404-WMC, 2025 WL 1344757, at *1 (W.D. Wis. May 8, 2025). While the Court takes no position as to the relevance of this case at this early juncture, Plaintiff may wish to look into this case further to determine how it may or may not affect his claims.

**3. CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions to use release funds to pay the IPFF, ECF Nos. 7, 8, be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **June 2, 2026**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $323.07 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income

credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 12th day of May, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.